**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRUCE IBACH and** | § | |
| **JOEL BLAKE,** | § | |
| *Plaintiffs,* | § | |
| | § | **CIVIL ACTION NO.  5:11-cv-633** |
| **vs.** | § | |
| | § | |
| | § | **Trial by Jury Demanded** |
| **SATTERFIELD & PONTIKES** | § | |
| **CONSTRUCTION, INC.,** | § | |
| *Defendant.* | | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

---

TO THE HONORABLE COURT:

## PRELIMINARY STATEMENT

1.    Plaintiffs Joel Blake and Bruce Ibach (collectively, "Plaintiffs") bring this action against Defendant Satterfield & Pontikes Construction, Inc. ("S&P" or the "Company").   The Plaintiffs are former S&P hourly employees who have worked as Quality Control ("QC") Inspectors.   QC Inspectors are not exempt from the overtime provisions of the FLSA ("non-exempt employees"). Plaintiffs allege on behalf of themselves and all similarly situated persons that S&P has willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit or compensate S&P's non-exempt QC Inspectors including the Plaintiffs and S&P requires or permits such employees to perform work.

2.    Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*  Plaintiffs seek injunctive and declaratory relief, compensation

and credit for all unrecorded and uncompensated work required or permitted by S&P, liquidated and/or other damages permitted by law and attorney's fees and costs.

3.      S&P has engaged in the practice of requiring or permitting its hourly non-exempt QC Inspectors - including the Plaintiffs and prospective class members (hereinafter "Plaintiff Class" or "Class") - to perform work for the benefit of S&P, and which is required or permitted by S&P but for which S&P does not record, credit or compensate its non-exempt hourly employees.  This practice is referred to as requiring employees to work "off-the-clock."

4.      S&P's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock is in violation of the FLSA because the members of the Plaintiff Class perform work in excess of 40 hours per week without receiving compensation at one and one-half times the regular rate (hereinafter "overtime compensation").

## JURISDICTION AND VENUE

5.      This court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).  The Plaintiffs and several members of the Plaintiff class reside in the Western District of Texas. Defendant is licensed to do business and is doing business in this District.

## THE PARTIES

7.      Defendant S&P is a Texas corporation providing construction services in the state of Texas.  At all relevant times, S&P has been an employer and has employed employees-including the Plaintiffs and members of the prospective Plaintiff Class - as such terms are

used in the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.* Defendant S&P may be served through its registered agent for service of process, CT Corporation System, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201-4234.

8.   Plaintiff Joel Blake is a former S&P employee. Blake resides in the Wester District of Texas, San Antonio Division. While employed by S&P, Blake was employed as QC Inspector in the Western District of Texas, San Antonio Division.

9.    Plaintiff Bruce Ibach is a former S&P employee. Ibach resides in the Wester District of Texas, San Antonio Division. While employed by S&P, Ibach was employed as QC Inspector in the Western District of Texas, San Antonio Division.

## CLASS ACTION ALLEGATIONS

10.   Plaintiffs bring a claim for relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA 29 U.S.C. § 216(b). Plaintiffs bring the FLSA claims on behalf of all non-exempt hourly employees of S&P who were, are or who will be employed during the period of 36 months prior to the date of commencement of the action through the date of judgment in this action who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per workweek. The Plaintiffs are members of the Plaintiff Class on whose behalf all claims alleging violations of the FLSA are brought.

11.   Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiffs of the Plaintiff Class (FLSA claims), since the

claims of the Plaintiffs are similar to the claims of the members of the prospective Plaintiff Class.

12.     Members of the Plaintiff Class are similarly situated.  The members of the Plaintiff Class have substantially similar job requirements and pay provisions and are subject to a common practice policy or plan that requires or permits them to perform uncompensated work for the benefit of S&P in excess of forty (40) hours per workweek.

13.     The claims of the Plaintiff are typical of the claims of the Class that Plaintiffs seek to represent.   Plaintiffs and members of the prospective Class work or have worked for S&P as non-exempt hourly employees in the position of QC Inspectors.  All Plaintiffs and members of the prospective Class perform or have performed work for the benefit of S&P "off-the-clock."   None of the Plaintiffs or members of the prospective Class have been properly credited or compensated "off-the-clock" work performed for the benefit of S&P.  All Plaintiffs and members of the prospective Class have suffered damages and/or lost overtime compensation, resulting from S&P's wrongful conduct.   In addition, all Plaintiffs and members of the prospective Class are entitled to injunctive relief, as permitted by law, because of S&P's violations of federal statutes, which violations have harmed and are continuing to harm them.

14.     Plaintiffs will fairly and adequately represent and protect the interest of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex litigation.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

15.     The Quality Control operations of S&P, and the wages of non-exempt hourly employees at its various work locations are substantially similar, if not identical.

16.     S&P employs QC Inspectors who inspect the work of subcontractors at each job site to make sure systems are properly installed per specifications and national codes.   S&P scheduled the Plaintiffs and members of the proposed Class to work a set 8.5 hour shift, five days per week.   However, S&P requires the Plaintiffs and the members of the proposed Class to continue working and performing activities for the benefit of S&P after their respective scheduled paid time ends.   The Plaintiffs and members of the proposed Class are likewise required to work on weekends, regardless of whether this is a scheduled paid period.   The Plaintiffs and members of the proposed Class do not receive credit for, and are not compensated for, any of this extra, unpaid work performed for the benefit of S&P.   S&P does not record, report or maintain records of such unpaid work performed by the Plaintiffs and the members of the proposed Class.   Regardless of how many hours beyond forty in a week that are worked by the Plaintiffs and the members of the proposed Class, S&P pays said employees for only up to forty hours per week.

17.     S&P's unlawful conduct has been widespread, repeated and consistent at its various work locations.   S&P's supervisors know that S&P employees, including the Plaintiffs and the members of the proposed Class, perform work for S&P, which S&P does not record, report, maintain records or compensate such employees.   S&P knew or should have known that its supervisory and management personnel permit or require the Plaintiffs and

the members of the proposed Class to perform work which is for the benefit of S&P and which is integral to S&P's operations without recording time.

18.     The conduct of S&P as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiffs and the members of the proposed Class.

19.     Plaintiffs are usually scheduled to receive forty hours of work per week and although they complete more than forty hours of work per week, they are only credited and paid for forty hours of work per week.  Plaintiffs do not receive credit or compensation for any time in excess of forty hours per week, and they do not receive compensation at time and one-half for such overtime work performed.

## STATEMENT OF CLAIMS

20.     The Plaintiffs on behalf of themselves and all prospective members of the proposed Class re-allege and incorporate by reference paragraphs 1-19 as if they were set forth again herein in their entirety.

21.     At all relevant times, S&P has been and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA 29 U.S.C. § 203.   At all relevant times, S&P has employed and continues to employ "employees," including the Plaintiffs, and each of the members of the proposed Class that have been and continue to be, engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA 29 U.S.C. § 203.  At all relevant times, S&P has had gross operating revenues in excess of Five Hundred Thousand ($500,000.00) Dollars.  At all relevant times, S&P has engaged in a willful policy, pattern, or practice of requiring or permitting its non-exempt hourly

employees, including the Plaintiffs, and members of the proposed Class, employed as S&P's QC Inspectors, to perform work "off-the-clock," without compensating such employees for all work performed at the applicable overtime rate for work in excess of forty hours in a workweek.

22.   At all relevant times, the "off-the-clock" work performed by S&P's non-exempt hourly employees - including the Plaintiffs and members of the prospective Class - employed as QC Inspectors, was, and continues to be, required or permitted by S&P, directly related to each such employee's principle employment with S&P, and as an integral part of such employee's employment for S&P.

23.   As a result of S&P's willful failure to record or compensate its non-exempt hourly employees - including the Plaintiffs and the members of the prospective Class - employed as QC Inspectors, at a rate at not less than one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, S&P has violated, and continues to violate the maximum hours provisions of the FLSA, 29 U.S.C. § 207(a)(1) and § 215(a).

24.   As a result of S&P's willful failure to record, report, credit and/or compensate its non-exempt hourly employees employed as QC Inspectors, including the Plaintiffs and members of the prospective Class, S&P has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices in violation of the FLSA, including § 211(c) and §215(a).  The foregoing conduct, as alleged violates the FLSA, 29 U.S.C. § § 201 *et. seq.*

25.   The Plaintiffs, on behalf of themselves and the prospective Class, seek damages in the amount of their respective unpaid overtime compensation, plus liquidated damages, as

provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

26.    The Plaintiffs, on behalf of themselves and the prospective Class, seek recovery of their attorney's fees and costs of action to be paid by S&P as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, pray for relief as follows:

a)  Certification of this action as Collective Action on behalf of the proposed Class;

b)  Issuance of notice pursuant to 29 U.S.C. § 216(b) the proposed Class;

c) Designation of Representative Plaintiffs Joel Blake and Bruce Ibach as representatives of the Class;

d)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

e)  An injunction against S&P and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns herein;

f)  An award of damages, including liquidated damages to be paid by S&P;

g)  Costs of action incurred herein, including reasonable attorney's fees and expert fees;

h)  Pre-judgment and post-judgment interest as provided by law; and

i)  Such other legal and equitable relief as this Court deems necessary, just and proper.

Dated:  July 27, 2011

Respectfully submitted,

**THE MCKINNEY LAW FIRM**
A PROFESSIONAL CORPORATION

By:   /s/ *Christopher J. McKinney*
Christopher J. McKinney
Texas Bar No. 00795516
700 East Sonterra, Ste 1221
San Antonio, Texas  78258
Telephone:  (210) 832-0932
Facsimile:   (210) 568-4101
*chris@themckinneylawfirm.com*

**Katzman & Katzman**
A T T O R N E Y S   A T   L A W

By:   /s/ *Alex Katzman*
Alex Katzman
Texas Bar No. 00786939
10001 Reunion Place, 6th Floor
San Antonio, Texas 78216
Telephone:  (210) 979-7300
Facsimile:  (210) 979-7357
alex@katzmanandkatzman.com

---